UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JANETH GONZALEZ,<br><br>Defendant. | Case No. 1:20-cr-00102-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is pro se defendant Janeth Gonzalez's Motion to Reduce Sentence. Dkt. 82. She asks the Court to apply First Step Act (FSA) time credits to to her sentence. *Id*. The government opposes the motion. Dkt. 84. For the reasons discussed below, the Court will deny Ms. Gonzalez's motion.

## BACKGROUND

In December 2004, Ms. Gonzalez was removed from California when law enforcement found she entered the country illegally. The removal forms state that she willfully misrepresented her identity and did not possess a valid entry document. An Order of Removal was then entered for Ms. Gonzalez that not only removed her immediately but continued to serve as a final order of removal in the event Gonzalez re-entered the county illegally in the future. Dkts. 84-2, 84-3.

In July 2020, Ms. Gonzalez was indicted for Distribution of Methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A). Dkt. 10. She pled guilty to those charges and on January 20, 2021, the Court sentenced her to 54 months confinement with no supervised release to follow. Dkt. 53. Ms. Gonzalez has an Immigration Detainer lodged against her and it is anticipated that within 48 hours of her custody ending in FCI Aliceville, she will be placed into Department of Homeland Security's custody and deported to Mexico. Dkt. 84-3.

In the current motion, Ms. Gonzalez states that BOP is withholding credits she has earned based on the First Step Act. Dkt. 83. Ms. Gonzalez asks the Court to determine her eligibility for those time credits. *Id.*

## ANALYSIS

Ms. Gonzalez claims that she is entitled to credit for time served, which goes to the execution of her sentence rather than the sentence itself. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). Accordingly, she must petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Id.* Any motion under § 2241 must be filed in a court with jurisdiction over the custodian or warden of Ms. Gonzalez's facility. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973); see also *Brown v. U.S.*, 610 F.2d 672, 677 (9th Cir. 1980). Although Ms. Gonzalez was sentenced in the District of Idaho, she must file her action in the federal district court that has jurisdiction over the custodian of FCI Aliceville.

MEMORANDUM DECISION AND ORDER - 2

For these reasons, the Court will deny Ms. Gonzalez's motion. Nothing in this order precludes Ms. Gonzalez from filing a motion under 28 U.S.C. § 2241 in the proper court. However, she should bear in mind, that the District Court in this, and any other District, generally lacks the authority to require the Bureau of Prisons to give an inmate credit for time served.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Reduce Sentence (Dkt. 82) is **DENIED**.

DATED: March 6, 2023

_____
B. Lynn Winmill
U.S. District Court Judge